IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| D'EDRA ARMSTRONG, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| THE BARTECH GROUP, INC. and ) | |
| VERIZON WIRELESS, LLC ) | |
| ) | |
| Defendants. ) | |
| _____ | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, D'Edra Armstrong ("Plaintiff" or "Armstrong"), by and through undersigned counsel, and files this Complaint for Damages under the Family Medical Leave Act ("FMLA"), and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331.

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

1

## **PARTIES**

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant The Bartech Group, Inc. ("Bartech") is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.

5.

Bartech may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, at 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

6.

Defendant Verizon Wireless, LLC ("Verizon") is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District.

7.

Verizon may be served with process by delivering a copy of the summons and complaint to its registered agent, C T Corporation System, at 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

## FACTUAL ALLEGATIONS

8.

Defendant Bartech is now, and at all times relevant hereto, has been an employer subject to the Family Medical Leave Act ("FMLA").

9.

Defendant Verizon is now, and at all times relevant hereto, has been an employer subject to the FMLA.

10.

Bartech is a staffing agency that provides long term contract workers to its primary client Defendant Verizon.

11.

Bartech regularly provides contract employees to Verizon that work for Verizon for periods in excess of 12 months.

12.

Bartech hired Armstrong in late November 2012 specifically to work for Verizon as a "project management professional."

13.

Armstrong began working for Verizon on December 17, 2012.

14.

Armstrong worked continuously and exclusively for Verizon as a project management professional until September 17, 2014.

15.

On September 17, 2014, Plaintiff went out of work for FMLA leave approved by Bartech for Plaintiff to undergo surgery for a serious medical condition.

16.

Plaintiff returned to work at Verizon on October 13, 2014.

17.

On October 23, 2014, Plaintiff had a follow up visit with her physician who directed Plaintiff to take additional leave to recover from post-surgery complications.

18.

On October 24, 2014, Plaintiff contacted Karen Schleuder, a member of Bartech's Human Resources Department, and advised Schleuder that at the direction of her physician, Plaintiff needed to resume medical leave under the FMLA. At this time, Plaintiff was advised by Karen Schleuder that she would need the physician to complete a new certification form. The same day, Plaintiff returned initial documents provided by her physician to Schleuder regarding Plaintiff's need for additional leave. Plaintiff provided her completed FMLA certification paperwork to Bartech on November 6, 2014.

19.

On October 24, 2014, Plaintiff also sent an email to her then supervisor at Verizon, Angela Ostermann, advising Ostermann that Plaintiff's physician had directed her to resume medical leave.

20.

On or about October 30, 2014, Plaintiff received an email from one of Bartech's Employee Care Representatives, Kaitlyn Robinson, stating that Verizon was directing Plaintiff to return her badge and workstation (laptop computer). Robinson also stated that Verizon inquired whether Plaintiff had any personal belongs at her cubicle.

21.

On October 31, 2014, Plaintiff sent an email to her ECR at Bartech requesting that Verizon confirm that Plaintiff would be restored to her position at Verizon upon the end of her medical leave.

22.

On November 13, 2014, after receiving inquiry from Bartech regarding the date of her expected return from FMLA, Plaintiff updated Bartech to advise that her physician had provided a return to work date of December 2, 2014.

23.

On November 17, 2014, Plaintiff received an email from Schleuder advising that Plaintiff's request for additional FMLA leave was approved effective October 23, 2014.

24.

On or about November 17, 2014, Plaintiff spoke with Gerri Hall-Rhodes, an agent of Verizon employed by third party Pontoon Solutions, regarding Verizon's directive that Plaintiff return her work badge and laptop. During the call, Rhodes stated to Plaintiff that Verizon had the liberty to terminate Plaintiff's position and that Verizon was not her employer and rather Bartech was her only employer. Following this call, Plaintiff contacted Schleuder updating her on the conversation she had with Rhodes and expressing Plaintiff's concern that Verizon was not going to permit her to return to work, i.e. that Verizon was terminating her.

25.

On December 1, 2014, in response to an inquiry from Plaintiff regarding whether she was being restored to her position and whether she could report to work on December 2nd, Plaintiff's Verizon supervisor, Ostermann, advised Plaintiff by phone that she should not report to work.

26.

On December 2, 2014, Plaintiff emailed Schleuder again admonishing that she believed it was a violation of the FMLA for Verizon to refuse to restore her to her position.

27.

Bartech and Verizon have failed to restore Plaintiff's employment, which has caused Plaintiff lost wages and benefits.

28.

Throughout Plaintiff's employment with Defendants, Bartech administered Plaintiff's payroll and employee benefits.

29.

At all relevant times to this action, including the period of November 17, 2012 – December 2, 2014, Verizon and Bartech were joint employers of Plaintiff as that term has been defined by the FMLA and interpretive regulations and case law.

30.

Throughout Plaintiff's employment with Defendants, Plaintiff worked at Verizon's offices and was supervised and had were work controlled by Verizon on a day to day basis.

31.

Pursuant to 29 C.F.R. 825 § 106(e), where a joint employment relationship exists, job restoration of an employee attempting to return from FMLA leave is the primary responsibility of the primary employer. The secondary employer is responsible for accepting the employee returning from FMLA leave in place of the replacement employee if the secondary employer continues to utilize an employee from the temporary or leasing agency, and the agency chooses to place the employee with the secondary employer. A secondary employer is also responsible for compliance with the prohibited acts provisions with respect to its temporary/leased employees, whether or not the secondary employer is covered by FMLA. The prohibited acts include prohibitions against interfering with an employee's attempt to exercise rights under the Act, or discharging or discriminating against an employee for opposing a practice which is unlawful under FMLA.

32.

Defendants Bartech and Verizon interfered with Plaintiff's exercise of rights protected by the FMLA by, *inter alia,* failing to restore Plaintiff's employment when she attempted to return from FMLA leave. In so doing, Defendants violated the FMLA.

33.

Defendants retaliated against Plaintiff for her exercise of rights protected by the FMLA. In so doing, Defendants violated the FMLA.

34.

Plaintiff was employed by Defendants for more than 12 months preceding her request for FMLA leave.

35.

Plaintiff worked more than 1250 hours for Defendants during the 12 month period immediately preceding her request for FMLA leave.

36.

Defendants are private sector employers, with 50 or more employees in 20 or more workweeks in the 2014 calendar year, within 75 miles of the location where Plaintiff worked.

## CLAIMS FOR RELIEF

## DEFENDANTS' VIOLATION OF

## THE FAMILY AND MEDICAL LEAVE ACT

37.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

38.

Defendants are and, at all times relevant, have been an 'employers' as defined by the Family and Medical Leave Act ['FMLA'].

39.

Plaintiff was an eligible employee under the FMLA and Defendants were Plaintiff's joint employers.

40.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling her to all appropriate relief under the statute.

41.

Defendants interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

42.

Defendants retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) That judgment be entered against Defendants, jointly and severally, on Plaintiff's FMLA claim and resulting damages and other awarded relief;

(b) That Plaintiff be awarded Special damages and/or liquidated damages, back-pay, lost benefits and prejudgment interest thereon;

(c) All equitable relief available under the FMLA, including but not limited to reinstatement or front pay in lieu of reinstatement;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues so triable;

(f) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

(g) All other relief to which she may be entitled.

This 27th day of February, 2015.

                                      **BARRETT & FARAHANY, LLP**

                                      <u>s/V. Severin Roberts</u>
                                      Amanda A. Farahany


        Georgia Bar No. 646135
        Benjamin F. Barrett
        Georgia Bar No. 039586
        V. Severin Roberts
        Georgia Bar No. 940504
        *Attorneys for D'Edra Armstrong*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
Amanda@bf-llp.com
Ben@bf-llp.com
vsroberts@bf-llp.com