# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| D'EDRA ARMSTRONG )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>THE BARTECH GROUP, INC. and )<br>VERIZON WIRELESS, LLC )<br> )<br>    Defendants. ) | CASE NO. 1:15-CV-00592-AT-ECS |

## ANSWER OF DEFENDANT THE BARTECH GROUP, INC.

COMES NOW Defendant The Bartech Group, Inc. ("Bartech"), by and through its attorneys, and hereby files its Answer to Plaintiff D'Edra Armstrong's ("Plaintiff") Complaint for Damages ("Complaint"), stating as follows:

1. Bartech admits the allegations in Paragraph 1 of the Complaint.

2. In response to the allegations in Paragraph 2 of the Complaint, Bartech admits that Plaintiff claims that the purported unlawful employment practices alleged in the Complaint were committed within this district, and that as a result, venue is proper in this Court pursuant to 28 U.S.C. § 1391. Bartech denies the remaining allegations in Paragraph 2 of the Complaint. Further responding, Bartech denies that it committed any unlawful employment practices against Plaintiff; that she has any valid claims against it; and that she is entitled to any

other relief, remedies or damages from it.

## PARTIES

3. Bartech admits the allegations in Paragraph 3 of the Complaint.

4. Bartech admits the allegations in Paragraph 4 of the Complaint.

5. Bartech admits the allegations in Paragraph 5 of the Complaint.

6. Bartech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. Bartech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. In response to the allegations in Paragraph 8 of the Complaint, Bartech admits that it is an "employer" as defined by the Family and Medical Leave Act ("FMLA"). Further responding, Bartech denies that Plaintiff was an "eligible employee" as defined by the FMLA in that the total number of employees employed by Bartech within 75 miles of Plaintiff's worksite was less than 50.

9. Bartech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. In response to the allegations in Paragraph 10 of the Complaint, Bartech admits that it is a staffing agency that provides contract workers to its

clients, one of which is Defendant Verizon Wireless, LLC ("Verizon"). Bartech denies the remaining allegations in Paragraph 10 of the Complaint.

11. In response to the allegations in Paragraph 11 of the Complaint, Bartech admits that it has provided contract workers to Verizon, and that while these workers may work for Verizon in excess of 12 months, they are restricted from working for Verizon for more than 30 months. Bartech denies the remaining allegations in Paragraph 11 of the Complaint.

12. In response to the allegations in Paragraph 12 of the Complaint, Bartech admits that in late November 2012, it provided Plaintiff with a work assignment at Verizon. Bartech denies the remaining allegations in Paragraph 12 of the Complaint.

13. Bartech admits the allegations in Paragraph 13 of the Complaint.

14. Bartech admits the allegations in Paragraph 14 of the Complaint.

15. In response to the allegations in Paragraph 15 of the Complaint, Bartech admits that on September 17, 2014, Plaintiff went out of work for medical leave. Bartech denies the remaining allegations in Paragraph 15 of the Complaint.

16. Bartech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint.

17. Bartech lacks knowledge or information sufficient to form a belief as

to the truth of the allegations in Paragraph 17 of the Complaint.

18. In response to the allegations in Paragraph 18 of the Complaint, Bartech admits that Plaintiff had a conversation with Karen Schleuder with its Human Resources Department on or about October 24, 2014. The remaining allegations of Paragraph 18 of the Complaint are denied as alleged.

19. Bartech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20. In response to the allegations in Paragraph 20 of the Complaint, Bartech shows that the email referenced speaks for itself. Bartech accordingly denies each and every allegation in Paragraph 20 of the Complaint that does not strictly conform to the language of such document.

21. In response to the allegations in Paragraph 21 of the Complaint, Bartech shows that the email referenced speaks for itself. Bartech accordingly denies each and every allegation in Paragraph 21 of the Complaint that does not strictly conform to the language of such document.

22. Bartech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. In response to the allegations in Paragraph 23 of the Complaint, Bartech shows that the email referenced speaks for itself. Bartech accordingly

denies each and every allegation in Paragraph 23 of the Complaint that does not strictly conform to the language of such document.

24. In response to the allegations in Paragraph 24 of the Complaint, Bartech admits that Plaintiff contacted Karen Schleuder with Bartech's Human Resources Department to express concern that Verizon was not going to permit her to return to work. Bartech lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint.

25. Bartech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26. In response to the allegations in Paragraph 26 of the Complaint, Bartech shows that the email referenced speaks for itself. Bartech accordingly denies each and every allegation in Paragraph 26 of the Complaint that does not strictly conform to the language of such document.

27. Bartech denies the allegations in Paragraph 27 of the Complaint.

28. Bartech admits the allegations in Paragraph 28 of the Complaint.

29. Bartech denies the allegations in Paragraph 29 of the Complaint.

30. Bartech lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31. In response to the allegations in Paragraph 31 of the Complaint,

Bartech admits that 29 C.F.R. § 825.106(e) states as follows:

> Job restoration is the primary responsibility of the primary employer. The secondary employer is responsible for accepting the employee returning from FMLA leave in place of the replacement employee if the secondary employer continues to utilize an employee from the temporary placement agency, and the agency chooses to place the employee with the secondary employer. A secondary employer is also responsible for compliance with the prohibited acts provisions with respect to its jointly employed employees, whether or not the secondary employer is covered by FMLA. The prohibited acts include prohibitions against interfering with an employee's attempt to exercise rights under the Act, or discharging or discriminating against an employee for opposing a practice which is unlawful under FMLA.

(citation omitted). Bartech denies the remaining allegations in Paragraph 31 of the Complaint.

32. Bartech denies the allegations in Paragraph 32 of the Complaint.

33. Bartech denies the allegations in Paragraph 33 of the Complaint.

34. Bartech admits the allegations in Paragraph 34 of the Complaint.

35. Bartech admits the allegations in Paragraph 35 of the Complaint.

36. In response to the allegations in Paragraph 36 of the Complaint, Bartech admits that it is not a public agency, and that it employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2014. Bartech denies that it employed 50 or more employees within 75 miles of Plaintiff's worksite. Bartech lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the Complaint.

## CLAIMS FOR RELIEF

## DEFENDANTS' VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

37. Bartech incorporates by reference its responses to Paragraphs 1 through 36 of the Complaint as though fully set forth herein.

38. In response to the allegations set forth in Paragraph 38 of the Complaint, Bartech admits that it is an "employer" as defined by the FMLA. Bartech lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 of the Complaint. Further responding, Bartech denies that Plaintiff was an "eligible employee" as defined by the FMLA in that the total number of employees employed by Bartech within 75 miles of Plaintiff's worksite was less than 50.

39. Bartech denies the allegations in Paragraph 39 of the Complaint.

40. In response to the allegations in Paragraph 40 of the Complaint, Bartech admits that Plaintiff engaged in protected activity under the FMLA. Bartech denies the remaining allegations in Paragraph 40 of the Complaint.

41. Bartech denies the allegations in Paragraph 41 of the Complaint.

42. Bartech denies the allegations in Paragraph 42 of the Complaint.

It appears that the "WHEREFORE" paragraph immediately following Paragraph 42 of the Complaint is in the nature of a prayer and that no response is

necessary. However, to the extent that a response is necessary, Bartech denies that Plaintiff has any valid claims against it, that Plaintiff is entitled to the damages and relief set forth in this paragraph, and that Plaintiff is entitled to any other damages or relief whatsoever from Bartech.

Bartech denies each and every averment of the Complaint not heretofore answered, qualified or denied as though set forth specifically and denied, and denies that it is liable for any of the damages and/or relief sought by Plaintiff.

Further responding to the Complaint, Bartech asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff was not an "eligible employee" as defined by the FMLA in that the total number of employees employed by Bartech within 75 miles of Plaintiff's worksite was less than 50.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot prove her retaliation claims according to traditional principles of but-for causation; i.e., there is no proof that the allegedly unlawful retaliation would not have occurred in the absence of the alleged wrongful action

or actions of Bartech.

## FOURTH AFFIRMATIVE DEFENSE

Bartech would have taken the same action in the absence of the allegedly impermissible motivating factor, i.e., Plaintiff's request for FMLA leave.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by Plaintiff's failure to mitigate her claimed damages.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of contributory negligence.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrine of conditions precedent.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, laches, unclean hands and/or waiver.

## NINTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for liquidated damages in that Bartech's acts or omissions which allegedly violated the FMLA were in good faith and Bartech had reasonable grounds for believing that the acts or omissions were not violations of the FMLA.

## **TENTH AFFIRMATIVE DEFENSE**

Bartech reserves the right to assert any additional affirmative defenses allowed by the Federal Rules of Civil Procedure depending upon any evidence discovered in its defense of the Complaint.

WHEREFORE, having fully answered Plaintiff's Complaint, Bartech respectfully requests that judgment be made and entered in its favor and against Plaintiff as follows:

a. The Complaint be dismissed in its entirety and Plaintiff recover nothing;

b. Award Bartech its reasonable attorney's fees and other costs of the action; and

c. Grant Bartech such other and further relief as the Court may deem just and proper.

Respectfully submitted this 15th day of June, 2015.

/s Matthew T. Gomes, Esq.
Matthew T. Gomes
Georgia Bar No. 297453
mgomes@wwhgd.com
WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC

Attorneys for Defendants

3344 Peachtree Road, NE, Suite 2400
Atlanta, GA  30326
404-876-2700
404-875-9433 Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2015, the foregoing Answer of Defendant The Bartech Group, Inc. was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Amanda A. Farahany, Esq.
Benjamin F. Barrett, Esq.
V. Severin Roberts, Esq.
Barrett & Farahany, LLP
1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309

/s Matthew T. Gomes, Esq.